DETLEF J. KELLER ET AL., APPELLEES, V. KEITH COUNTY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

136 N. W. 2d 441

Filed July 23, 1965. No. 35931.

Frank B. Svoboda, for appellant.

Firmin Q. Feltz, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

The district court enjoined defendant from collecting 1963 and 1964 taxes upon an assessment of real estate in excess of $4,665. It found that the county assessor had raised the valuation to $8,805 without notice to plaintiffs, who hold record title in joint tenancy as husband and wife, and therefore that taxes upon the addition were uncollectible.

The principal issues are necessity of notice and waiver. Important to the first one is the nature of the contested assessments, to the second one, the conduct of the husband.

The evidence establishes the fact that the assessor increased the value of a previously assessed improvement and that he did not fix the value of an improvement previously unassessed. Plaintiffs testified that construction of a residence commenced in 1959 and that the house was completed and occupied by them in April 1960. According to the husband no improvements were made during the years 1961-1964.

The assessment book manifests this schedule:

| Year | Value of Impvts. | Value of Land | Total Actual Value | Total Assessed Value |
|---|---|---|---|---|
| 1960 | 12,585 | 1,505 | 1,505 | 525 |
|  | 11,830 | 1,500 | 13,330 | 4,665 |
| 1961 | 11,830 | 1,500 | 13,330 | 4,665 |
| 1962 | 11,830 | 1,500 | 13,330 | 4,665 |
| 1963 | 11,830 | 1,500 | 13,330 | 4,665 |
|  | 23,660 |  | 25,160 | 8,805 |
| 1964 | 21,170 | 1,500 | 22,670 | 7,935 |

Columns for addition or deduction of improvements in 1961 and subsequent years are blank, and no such information appears for 1960.

A deputy assessor testified that his entry of the 1960 correction resulted from a notation on an appraisal card that the building was half finished on January 1, 1960. In July 1963, without action by the county board of equalization and after its adjournment the assessor increased the 1963 sums.

On May 1, 1964, the assessor informed the husband by mail that the figure had been raised from $4,665 for 1960 to $8,805 for 1961. The notice states that one-half of the improvement was made in 1960 and one-half in 1961, but the county board of equalization is unmentioned.

Notice is required by section 77-1315, R. S. Supp.,

1963, as follows: "The county assessor shall before * * * filing (the assessment rolls with the county clerk), notify the record owner of every piece of real estate which has been assessed * * * higher * * * than * * * the last previous assessment. * * * (The notice) shall * * * state the old and new assessed valuation * * * and the date of the convening of the board of equalization."

Section 77-1317, R. R. S. 1943, which provides for the addition by an assessor of omitted lands and improvements, is silent on the subject of notice. We lay aside the question whether it is drawn within the ambit of section 77-1315, R. S. Supp., 1963. See Watson Bros. Realty Co. v. County of Douglas, 149 Neb. 799, 32 N. W. 2d 763. The assessment book discloses an increase in value of a previously assessed improvement. If parol evidence can contradict or explain it, the record before us is insufficient.

Notification pursuant to section 77-1315, R. S. Supp., 1963, is mandatory and collection of the tax on that part of an assessment raised without notice may be enjoined unless the taxpayer has waived the defect. Babin v. County of Madison, 161 Neb. 536, 73 N. W. 2d 807; Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489. This principle shapes our course.

On April 1, 1964, the husband protested to the county board of equalization that the 1963 assessment had been increased without notice, and he requested a reduction to $6,000. On May 21, 1964, the board declined to modify the 1963 valuation, but it reduced the 1964 figure to $7,935. No appeal was taken.

At the trial of the injunction suit the wife testified that she had received no notice prior to delivery of a 1963 tax statement in January 1964, but notification of the 1964 assessment is not negated. True, she personally made no protest to the board, and agency of the husband is not proved. However, these facts cannot be

inflated to proof that she was not notified of the later assessment.

Although the judgment as to the year 1963 is correct because the wife was not notified, dissimilar facts compel the opposite conclusion as to the year 1964. We have already seen that a finding in favor of the wife cannot be sustained. The husband fares no better. The notice, deficient in regard to the date when the board would convene, was adequate in view of his action at the 1964 session. See Gamboni v. County of Otoe, *supra*.

It matters not whether the board had jurisdiction over the subject matter, the 1963 assessment. It does matter that the board seasonably acquired personal jurisdiction. A stronger case for waiver can hardly be imagined.

In summary, noncompliance with the notice requirements renders the 1963 assessment ineffective to the extent that the tax on the increase is uncollectible. The tax on the 1964 assessment is collectible because failure of notice to the wife is not proved and the defect in the notice to the husband was waived.

The judgment is modified by vacating that part concerning 1964 taxes, and it is affirmed as modified. Costs are apportioned one-half to plaintiffs and one-half to defendant.

AFFIRMED AS MODIFIED.